PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Kings Special Term, February, 1923.

**Taxes — state land in New York city is exempt from taxation — when tax sale void.**

Taxes may not be imposed upon land belonging to the state (Tax Law, § 4, subd. 2) and under section 21 of the Public Lands Law a sale of state lands for unpaid taxes is void.

On April 12, 1912, the state, pursuant to chapter 746 of the Laws of 1911, acquired certain property in the city of New York and ever since has been in possession of the same as sole owner.   *Held,* that the state in an action to remove a cloud upon title was entitled to judgment barring the city of New York from any

Supreme Court, February, 1923.    [Vol. 120

claim for taxes assessed against the property as of October 1, 1911, but which did not become due and payable until after the state had become the owner of the property.

ACTION to remove cloud on title.

*Charles D. Newton,* attorney-general, for plaintiff.

*John P. O'Brien,* corporation counsel (*Isaac Phillips,* of counsel), for defendant.

LEWIS, J.    Plaintiff seeks judgment that the defendant be barred from any claim or lien by reason of taxes which have been assessed against property now owned by it.    The facts are undisputed.

Pursuant to chapter 746 of the Laws of 1911, the plaintiff acquired the property by eminent domain on April 12, 1912, and since that time it has been in possession of the state as sole owner.

The defendant maintains that the taxes which became due and payable on May 1, 1912, are liens on the property.

The taxable status for the purpose of the fixation of value was as of the 1st day of October, 1911, but the taxes did not become liens until they became due and payable.    Greater N. Y. Charter, § 914.    One-half of the taxes upon the real estate were not due and payable until the 1st day of May, 1912, and the final one-half on the 1st day of November, 1912.

In *Buckhout* v. *City of New York,* 176 N. Y. 363, 369, the court stated:  " Taxation cannot create a debt until there is a tax fixed in amount and perfected in all respects.    It is not enough to lay the foundation, but the structure must be built.    There cannot be a complete tax laid upon real estate until it is so perfected as to become a lien, because until then the amount cannot become known."

At the time that the tax in question became a lien the property was owned by the plaintiff, the state of New York.    Taxes may not be imposed upon land belonging to the state.    Tax Law, § 4, subd. 2; *Matter of Melrose Ave.,* 234 N. Y. 48.    The lien, if any, would be valueless, for, under section 21 of the Public Lands Law, sales of state lands for unpaid taxes are void.    *Matter of Melrose Ave., supra.*

The remedy is not by certiorari, but to remove a cloud upon the title.    *Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87, 91.

Judgment for the plaintiff.

Judgment accordingly.