In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Widening Woodhaven Boulevard from Forest Park to Queens Boulevard, Borough of Queens, as the Same Is Now Laid Out upon the Map or Plan of the City of New York, in the Borough of Queens, in the City of New York.

ST. JOHN'S CEMETERY, Owner of Damage Parcel No. 158, Claimant, Petitioner.

Supreme Court, Special Term, Kings County, December 4, 1939.

*Gray & Tomlin* [*Franklin M. Tomlin* of counsel], for the claimant.

*William C. Chanler, Corporation Counsel* [*Hyman W. Kehl* and *Randolph J. Hernandez* of counsel], for the City of New York.

LOCKWOOD, J. This motion for payment of an award involves the right of the city to offset against the award of $22,273.05, made herein to St. John's Cemetery, an assessment of $12,156.45 entered on July 31, 1924, for the Central avenue sewer. Claimant contends it is entitled to payment of the entire award without deduction of the assessment, which the city claims it has the right to deduct. Section 450 of the Real Property Law provides: " No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall any tax or assessment be levied, collected or imposed  *  *  *." It is undisputed that the property of the claimant now is and since prior to July 31, 1924, has been actually used and occupied for cemetery purposes. The city relies on section 960 of the Greater New York Charter, entitled: " Assessments not to be set aside for certain irregularities and technicalities " and the language therein as follows:  " *  *  *  and all property in said city benefited by any improvement or any other public work already completed, or now being made or performed, and hereafter made, done, or performed, except as aforesaid, shall be liable to assessment for such improvement or work  *  *  *." The city contends that section 450 of the Real Property Law is of State-wide application and general in its nature, and thus is superseded by the provisions of section 960 of the Greater New York Charter, above mentioned. It is true that a special State statute providing for a particular case, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest. (*Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 N. Y. 61, 66.) It has been held that land actually used for cemetery purposes within the city of New York is exempt from assessments for local improvements. (*Matter of City of New York* [*Jerome Ave.*], 192 N. Y. 459.) The corporation counsel suggests that the court would have reached

the opposite conclusion in the latter case had section 960 of the Charter been called to its attention. The only question raised by this suggestion is whether, in fact, section 450 of the Real Property Law is superseded by section 960 of the Charter. Obviously section 960 of the Charter as indicated by its title, and confirmed by a reading of the whole section, provides merely that any assessment imposed upon assessable property shall not be vacated because of certain irregularities and technicalities, many of which are specified therein. That an assessment was levied upon real property exempt by law therefrom constitutes much more than an irregularity or technicality in such levy. If the property was not assessable the city had no power to make the levy and it was invalid from its inception. The words selected from section 960 of the Charter by the corporation counsel do not have the effect of annulling the provisions of section 450 of the Real Property Law. The exemption granted by the latter statute is not inconsistent with the Charter provisions. Section 972 of the Charter provides that the determination of the board of estimate as to assessment when made and announced shall be final " except that in any proceeding * * * in which the area of assessment * * * *shall include any real property of a corporation, the real property of which is exempt by law from assessments levied pursuant to the provisions of this title,*" the board may reconsider and change its determination any time before the entry of the final decree. There could be no explanation of the language above italicized if section 960 of the Greater New York Charter expressly annulled all provisions for exemption from assessment. Motion granted. Settle order on notice.