COUNTY OF MONROE, Appellant and Respondent, *v.* TOWN OF BRIGHTON, Respondent and Appellant.

COUNTY OF MONROE, Appellant and Respondent, *v.* TOWN OF IRONDEQUOIT, Respondent and Appellant.

COUNTY OF MONROE, Appellant and Respondent, *v.* TOWN OF PITTSFORD, Respondent and Appellant.

Argued January 16, 1946; decided July 23, 1946.

400

*Joseph B. Boyle* for plaintiff, appellant and respondent. I. Chapter 833 of the Laws of 1933 is constitutional. (*Village of Depew* v. *Town of Cheektowaga,* 267 N. Y. 144; *Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *Matter of Wadhams,* 249 App. Div. 271; *City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Vroman* v. *Fish,* 181 App. Div. 502, 223 'N. Y. 540; *People ex rel. Crowell* v. *Lawrence,* 36 Barb. 177, 41 N. Y. 137; *Devlin* v. *Mayor,* 63 N. Y. 8; *Van Brunt* v. *Town of Flatbush,* 128 N. Y. 50; *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568; *Gubner* v. *McClellan,* 130 App. Div. 716; *Gardner* v. *Ginther,* 232 App. Div. 296, 257 N. Y. 578; *Matter of Fay,* 291 N. Y. 198.) II. Chapter 862 of the Laws of 1935 is constitutional. (*Matter of Doyle,* 257 N. Y. 244; *People* v. *Bowen,* 21 N. Y. 517; *Matter of City of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *Matter of Koenig* v. *Flynn,* 234 App. Div. 139; *Gardner* v. *Ginther,* 232 App. Div. 296, 257 N. Y. 578.) III. Chapter 861 of the Laws of 1935 is constitutional. IV. The Legislature has the power to make retroactive laws affecting the taxing powers anywhere within the State. (*Hunter* v. *Pittsburgh,* 207 U. S. 161; *East Hartford* v. *Hartford Bridge Co.,* 10 How. [U. S.] 511; *Connor* v. *Bent,* 1 Mo. 235; *Union Free School Dist.* v. *Town of Rye,* 280 N. Y. 469; *Gordon* v. *Cornes,* 47 N. Y. 608; *Town of Duanesburgh* v. *Jenkins,* 57 N. Y. 177; *Town of Guilford* v. *Supervisors of Chenango County,* 13 N. Y. 143; *Thomas* v. *Leland,* 24 Wend. 65; *Genet* v. *City of Brooklyn,* 99 N. Y. 296; *Gautier* v. *Ditmar,* 204 N. Y. 20; *Village of Kenmore* v. *County of Erie,* 252 N. Y. 437; *Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *County of Nassau* v. *City of Long Beach,* 272 N. Y. 260; *People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173.) V. Neither chapter 833 of the Laws

of 1933 nor chapter 862 of the Laws of 1935 require the towns in the County of Monroe to incur indebtedness for other than town purposes, nor do either of said statutes require the said towns to give their credit in aid of the County of Monroe. Neither of said statutes require the County of Monroe to lend its credit to any of the towns in the County of Monroe in a manner which violates any provision of the Constitution. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *Town of Irondeqouit* v. *County of Monroe,* 158 Misc. 123; *Village of Kenmore* v. *County of Erie,* 252 N. Y. 437; *Union Free School Dist.* v. *Town of Rye,* 280 N. Y. 469; *Whaley* v. *County of Monroe,* 235 App. Div. 334; *County of Oneida* v. *City of Utica,* 260 App. Div. 363; *People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48; *Schieffelin* v. *Goldsmith,* 253 N. Y. 243; *City Bank F. T. Co.* v. *N. Y. C. R. R. Co.,* 253 N. Y. 49; *Bronx Gas & Electric Co.* v. *Maltbie,* 268 N. Y. 278; *Matter of McGlone,* 258 App. Div. 596.) VI. Chapter 862 of the Laws of 1935 did not repeal chapter 833 of the Laws of 1933 and the Appellate Division was correct in reversing the decision of the Official Referee in this respect. (*Ely* v. *Holton,* 15 N. Y. 595; *Moore* v. *Mausert,* 49 N. Y. 332; *Matter of Prime,* 136 N. Y. 347; *People* v. *Supervisors,* 67 N. Y. 109; *People* v. *Briggs,* 114 N. Y. 56; *Matter of Peugnet,* 67 N. Y. 441; *White* v. *Inebriates' Home for Kings County,* 141 N. Y. 123; *Bank of Metropolis* v. *Faber,* 150 N. Y. 200.) VII. The defendants are not entitled to credit for various items allowed by the Official Referee, as follows: 1. The full sums of unpaid taxes upon lots within the respective towns which were foreclosed by the plaintiff-appellant-respondent. 2. Penalties, fees and disbursements cancelled by resolutions of the Board of Supervisors. 3. Penalties, fees and disbursements collected by the county treasurer. (*Miller* v. *Town of Irondequoit,* 243 App. Div. 240, 268 N. Y. 578.)

*James C. O'Brien* for Town of Brighton, respondent and appellant. I. Foreclosure by the county of tax lien certificates and subsequent cancellation of taxes was equivalent to the collection of the taxes in cash. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361.) II. The town is entitled to credit for penalties and interest collected by the county. (*Power* v. *Allen,* 70 Cal. App. 663; *State* v. *Hitsman,* 99 Mont. 521; *Matter of*

*City of New York [Chrystie St.]*, 264 N. Y. 319; *Ely* v. *Pearlman*, 103 N. J. Eq. 425.) III. Chapter 833 of Laws of 1933 was repealed by chapters 861 and 862 of the Laws of 1935. (*Heckmann* v. *Pinkney*, 81 N. Y. 211; *City of Buffalo* v. *Lewis*, 192 N. Y. 193; *Morrall* v. *County of Monroe*, 271 N. Y. 48; *People ex rel. Johnson* v. *Hegeman*, 51 Hun 644, 115 N. Y. 653; *Matter of New York Institution*, 121 N. Y. 234; *McDermott* v. *Nassau Electric Railroad Co.*, 85 Hun 422, 147 N. Y. 700; *Pratt Institute* v. *City of New York*, 183 N. Y. 151; *Peterson* v. *Martino*, 210 N. Y. 412; *Matter of Brigham* v. *City of New York*, 227 N. Y. 575.) IV. Chapter 833 of the Laws of 1933 is unconstitutional because it violates article III, section 16 (formerly § 15) of the State Constitution. (*People* v. *Supervisors of Chautauqua*, 43 N. Y. 10; *Gaynor* v. *Village of Port Chester*, 231 N. Y. 451; *People ex rel. McConvill* v. *Hills*, 35 N. Y. 449; *Economic P. & C. Co.* v. *City of Buffalo*, 195 N. Y. 286; *Matter of Paul*, 94 N. Y. 497; *People ex rel. Corscadden* v. *Howe*, 177 N. Y. 499.) V. Chapter 833 of the Laws of 1933 and chapter 862 of the Laws of 1935 are both invalid because they compel the defendant town to give its money in aid of the County of Monroe and to contract indebtedness for a purpose other than a town purpose. (*Whaley* v. *County of Monroe*, 235 App. Div. 334; *Village of Kenmore* v. *County of Erie*, 252 N. Y. 437; *Union Free School Dist.* v. *Town of Rye*, 280 N. Y. 469; *Mount Sinai Hospital* v. *Hyman*, 92 App. Div. 270.) VI. The retroactive features of chapter 833 of the Laws of 1933 and chapter 862 of the Laws of 1935 violate both the Federal and State Constitutions. (*Town of Amherst* v. *County of Erie*, 260 N. Y. 361; *Town of Irondequoit* v. *County of Monroe*, 158 Misc. 123; *Matter of County of Oswego* v. *Foster*, 262 N. Y. 439; *County of Oneida* v. *City of Utica*, 260 App. Div. 363, 285 N. Y. 788; *County of Nassau* v. *City of Long Beach*, 272 N. Y. 260; *Town of Walton* v. *Adair*, 111 App. Div. 817, 191 N. Y. 509.) VII. Chapter 862 of the Laws of 1935 is invalid because it is not a proper exercise of the legislative power. (*People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533; *Burke* v. *Kern*, 287 N. Y. 203; *People ex rel. Percival* v. *Cram*, 164 N. Y. 166; *Kibbee* v. *Lyons*, 202 App. Div. 562, 235 N. Y. 546; *People* v. *Klinck Packing Co.*, 214 N. Y. 121; *Darweger* v. *Staats*, 267 N. Y. 290.) VIII. Chapter 861 of the Laws of 1935 is invalid because it violates article III,

sections 15 and 16 of the State Constitution. (*People ex rel. Commissioners* v. *Banks*, 67 N. Y. 568; *People ex rel. N. Y. Elec. Lines Co.* v. *Squire*, 107 N. Y. 593; *People ex rel. Everson* v. *Lorillard*, 135 N. Y. 285; *Darweger* v. *Staats*, 267 N. Y. 290.) IX. The provisions of chapter 861 of the Laws of 1935 requiring the County of Monroe to guarantee refunding bonds of the town renders the special acts invalid. (*Town of Amherst* v. *County of Erie*, 260 N. Y. 361; *Town of Irondequoit* v. *County of Monroe*, 158 Misc. 123; *Union Free School Dist.* v. *Town of Rye*, 280 N. Y. 469.)

*Robert W. Lochner* for Town of Irondequoit, respondent and appellant. I. The statutes are unconstitutional. (*Town of Amherst* v. *County of Erie*, 260 N. Y. 361; *Matter of County of Oswego* v. *Foster*, 262 N. Y. 439; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) II. Chapter 833 of the Laws of 1933 is unconstitutional under article III, section 15 of the State Constitution. (*People* v. *Ireland Realty Co.*, 96 Misc. 18; *People* v. *Hills*, 35 N. Y. 449, 451; *People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *People* v. *Supervisors of Chautauqua*, 43 N. Y. 10; *Economic P. & C. Co.* v. *City of Buffalo*, 195 N. Y. 286; *Gaskin* v. *Meek*, 42 N. Y. 186.) III. Chapter 862 of the Laws of 1935 is unconstitutional in that it is not a proper exercise of the legislative power. (*Barto* v. *Himrod*, 8 N. Y. 483; *People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533; *Starin* v. *Town of Genoa*, 23 N. Y. 439; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *Darweger* v. *Staats*, 267 N. Y. 290.) IV. Chapter 861 of the Laws of 1935 is unconstitutional for the same reason as chapter 833 of the Laws of 1933, and because it purports to carry into effect chapter 862 of the Laws of 1935 violates article III, section 17 of the State Constitution. (*People ex rel. Commissioners* v. *Banks*, 67 N. Y. 568; *People ex rel. N. Y. Elec. Lines Co.* v. *Squire*, 107 N. Y. 593; *People ex rel. Everson* v. *Lorillard*, 135 N. Y. 285; *Darweger* v. *Staats*, 267 N. Y. 290; *Choate* v. *City of Buffalo*, 39 App. Div. 379.) V. Chapter 833 of the Laws of 1933 is unconstitutional in that it provides for the incurring of indebtedness for other than town purposes and the giving of the town's credit in aid of the county. (*Deady* v. *Village of Lyons*, 39 App. Div. 139; *Whaley* v. *County of Monroe*, 235 App. Div. 334; *Village of Kenmore* v. *County of Erie*, 252 N. Y. 437;

*O'Reilly* v. *City of Kingston,* 175 App. Div. 207.) VI. Chapter 862 of the Laws of 1935 is unconstitutional under article VIII, section 1 in that it provides for the incurring of indebtedness for other than town purposes and the giving of the town's credit in aid of the county. VII. The provisions relating to refunding outstanding town bonds invalidate the special acts. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48; *Union Free School Dist.* v. *Town of Rye,* 280 N. Y. 469.) VIII. The retroactive features of both statutes are unconstitutional. (*County of Nassau* v. *City of Long Beach,* 272 N. Y. 260; *Town of Walton* v. *Adair,* 111 App. Div. 817, 191 N. Y. 509.) IX. The county may not recover under the special act. (*Matter of Ueck,* 286 N. Y. 1.) X. The towns are entitled to credit for taxes, penalties and interest cancelled by the county. XI. The towns are entitled to the benefit of collections of interest and penalties prior to the foreclosure of the tax liens. (*Getman* v. *Niferopulos,* 276 N. Y. 161.)

*Franklin H. Smith* for Town of Pittsford, respondent and appellant. I. The amount which the warrant of the board of supervisors directed to be paid to the supervisor of the Town of Pittsford became the debt of the county to the town on the annual levy of taxes in the Pittsford tax district. (*Village of Depew* v. *Town of Cheektowaga,* 267 N. Y. 144; *Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *Matter of County of Oswego* v. *Foster,* 262 N. Y. 439; *County of Nassau* v. *City of Long Beach,* 272 N. Y. 260, 274 N. Y. 458; *Union Free School Dist.* v. *Town of Rye,* 280 N. Y. 469; *County of Oneida* v. *City of Utica,* 260 App. Div. 363.) II. Chapter 862 of the Laws of 1935 repealed those sections of chapter 833 of the Laws of 1933 involved in this action. (*Morrall* v. *County of Monroe,* 271 N. Y. 48; *People ex rel. Bronx Pkwy. Comm.* v. *Common Council,* 229 N. Y. 1; *Matter of Brigham* v. *New York,* 227 N. Y. 575; *People* v. *Metropolitan Surety Co.,* 211 N. Y. 107; *Peterson* v. *Martino,* 210 N. Y. 412; *City of Buffalo* v. *Lewis,* 192 N. Y. 193; *Matter of Brooklyn Q. C. & S. R. R. Co.,* 185 N. Y. 171; *Matter of Prime,* 136 N. Y. 347.) III. Chapter 862 of the Laws of 1935 violated section 10, article 8 of the 1894 State Constitution in its retroactive operation on the tax levies in suit. (*County of Nassau* v. *City of Long Beach,* 272 N. Y. 260; *People ex rel. Rodgers* v. *Coler,* 166 N. Y. 1; *People* v. *Ingersoll,* 58 N. Y. 1;

*Town of Walton* v. *Adair*, 96 App. Div. 75, 111 App. Div. 817, 191 N. Y. 509; *Williams* v. *Village of Port Chester*, 72 App. Div. 505; *Deady* v. *Village of Lyons*, 39 App. Div. 139; *Danks* v. *Quackenbush*, 1 N. Y. 129; *Livingston* v. *Livingston*, 173 N. Y. 377.) IV. Chapter 862 of the Laws of 1935 and chapter 833 of the Laws of 1933 were unconstitutional both retrospectively and prospectively because each compelled the defendant to give its money or property to the plaintiff or incur an indebtedness to the plaintiff for the sums the defendant paid the fire districts, which the collector's warrant directed to be paid to its supervisor in contravention of section 10, of article VIII of the 1894 Constitution. (*Hellawell* v. *Grafeld*, 22 F. Supp. 765; *Matter of Buffalo F. A. Corp.* v. *Mountaindale F. Dist.*, 138 Misc. 285; *Fabric Fire Hose Co.* v. *Town of Whitestown*, 187 App. Div. 118; *Village of Depew* v. *Town of Cheektowaga*, 267 N. Y. 144; *Town of Amherst* v. *County of Erie*, 260 N. Y. 361.) V. The referee was warranted in treating (a) tax liens cancelled by foreclosure as the equivalent of the receipt of cash by the county, and likewise (b) interest or penalties and other charges collected by the county on the delayed payment of tax liens. VI. Defendant was entitled to recover interest on the balance due on the several debts of the plaintiff to it, as alleged in the five counterclaims. (*Town of Irondequoit* v. *County of Monroe*, 158 Misc. 123; *County of Nassau* v. *City of Long Beach*, 274 N. Y. 458; *Davison* v. *Klaess*, 280 N. Y. 252; *Village of Depew* v. *Town of Cheektowaga*, 267 N. Y. 144.)

CONWAY, J. In *Town of Amherst* v. *County of Erie* (260 N. Y. 361) we held that the county was obligated to reimburse a town for the amount of uncollected taxes as returned by the town collector. Such return disclosed the difference between the total amount levied for town and special district purposes and the amount received by the town collector and paid over to the town supervisor. We said at p. 368: "The defendant contends that the law does not require the county to make up such deficit or permit it to do so. It is urged that the town has been extravagant and reckless; that all of the improvements and the organization of special districts for local improvement purposes was done by the town without the knowledge or consent of the county and without participation by the county in any way therein and it is contended that it would be unjust and

inequitable to compel the county to make up the deficit caused by the unwise action of the town.

"If the expenditures made by the town and the liabilities incurred by it are for governmental purposes and were made in accordance with the terms of the statute, the fact that they were unwisely and recklessly incurred does not create a legal question. Solution of that problem presents a political question which must be solved by the voters of the town or, if checks are needed, they must be supplied by the Legislature."

In 1933 and 1935 the Legislature adopted tax statutes affecting the county of Monroe and the towns situate therein. Generally, they provided that while the county was obligated to pay the difference between the total amount levied and the amount collected, such " difference " must thereafter be repaid by the town to the county less " any and all collections made by such treasurer of such taxes including interest paid thereon ". The statutes so enacted were Laws of 1933, chapter 833, and Laws of 1935, chapters 861 and 862.

The county has brought these three actions to recover under those statutes moneys advanced to the defendant towns, repayment of which is alleged to be due.

The learned Official Referee upheld the constitutionality of the statutes. He also answered specific questions propounded by the parties as to the effect of the statutes. Two of the answers defined the word " collections " as including foreclosures by the county and cancellations of penalties and interest by resolution of the County Board of Supervisors. Another answer reached the same conclusion as to penalties collected by the county.

We are in accord with the views of the Official Referee, as modified by the Appellate Division, except as to the matter of penalties, to which reference will now be made.

The Official Referee found that the Board of Supervisors of the county by resolution had cancelled certain interest and penalties which had been added to unpaid taxes, and that the county had also collected certain penalties. No question is raised as to the board's power to make the cancellations. The towns argue that such cancellation, like the foreclosure of tax liens, deprived them of possible collection of those penalties, and that such penalties, whether collected or cancelled, should be credited to them. The county argues that the penalties are not

for the benefit of the town, but for the benefit of the purchaser. Laws of 1884, chapter 107, section 6, provides for a 10% penalty "for the benefit of * * * purchasers". The testimony of the Deputy County Treasurer describes the county practice in adding interest charges, penalties and fees to the amount of the unpaid tax. While the statutes provide for crediting the towns with collections of taxes "including interest paid thereon", no mention is made of fees or penalties. The Official Referee wrote that "penalties, in a broad sense, are nothing more than interest at an increased rate" and that *all* items collected by the treasurer should be credited to the towns. He cited *Getman* v. *Niferopulos* (276 N. Y. 161), where it was said at p. 171: "* * * where interest and penalties are allowable by statute, they constitute a part of the tax lien against the property originally charged if they are for the benefit of the unit imposing the tax." Here it would be the *county* that was the unit. The county levies the tax (Town Law, § 116, formerly § 148), collects it (since the town tax collector is the agent of the county), and adds charges (penalties, fees, and interest) to unpaid taxes which go to make up the tax lien. We think that as between the county and the town, the fees certainly belong to the county. The fees are for advertising, for tax certificates, and for the tax sale. Since the burden of collecting taxes rests on the county, there is no reason to suppose that the Legislature intended the collection of disbursements which the county has presumably made in its attempt to collect the taxes, to be deemed a "collection of * * * such taxes." As affecting the penalties, the following are the applicable portions of the statutes relating to cancellation:

(L. 1933, ch. 468):

"Notwithstanding the provisions of any other law, if the board of supervisors of any county shall determine that it is for the best interests of such county, such board may, by resolution, authorize the county treasurer to reduce the rates of interest or of penalties now imposed by law, for failure to pay any real property tax * * *, which shall have been returned as unpaid by a town collector or city treasurer to such county treasurer and for the collection of which no sale of the property shall have been made. If the board of supervisors of any county shall determine that it is for the best interests of such county, such board shall have like power to authorize, by resolution, the county

treasurer to permit the redemption of any piece of property sold at a tax sale and bid in by such county on such terms as the board of supervisors may make and may remit in whole or in part any penalties and interest imposed by law to which the county or any other municipality shall be lawfully entitled upon such redemption. Provided, however, that in cases where such interest and penalties, if collected by the county, belong to a municipality therein, no reduction or remission in whole or in part of such interest and penalties shall be made without the consent of the municipality affected * * *."

(L. 1934; ch. 917):

" Notwithstanding any other general, special or local law, all penalties on any unpaid taxes and assessments heretofore levied on real property by any municipal corporation, as defined by section 2 of the general municipal law, and for the collection of which no sale of the property shall have been made, may be cancelled and revoked, provided such unpaid taxes and assessments are paid, together with interest thereon at a rate not to exceed six per centum per annum from the time such taxes become due and payable, upon resolution duly adopted by the governing body of any municipal corporation.

" In the event such property shall have been sold at tax sale and bid in by such municipal corporation, redemption of any piece of such property may be permitted without penalties, by payment of the unpaid taxes * * * together with interest at a rate not to exceed six per centum per annum from the time such taxes become due and payable * * *."

The county asserts that it never imposed interest charges as such, but imposed only penalties. However, the Deputy County Treasurer mentioned both in his testimony. The statutes which give the county the power to add interest and penalties to delinquent taxes are not cited by the county, except Laws of 1884, chapter 107, which does not mention any interest rates, but does provide for " penalties ". The towns argue that " penalties " and " interest " cannot be differentiated. However, various provisions of the Tax Law refer to penalties, interest and fees as separate charges. Both the testimony and the county's exhibits show that it has been the county practice to impose separate penalty and interest charges, and that practice, of course, has weight in determining what amounts are " penalties " and what amounts constitute " interest."

We do not think that cancellation or reduction of penalties carries the same consequence as foreclosure of tax liens. In both cases the county has discretion, but in the case of foreclosure it holds the property in lieu of collecting the taxes. In the case of cancellation or reduction of penalties, it has not received the equivalent in cash, but has in effect discounted a debt for the sake of quick collection. As a matter of fact, the penalties, at first 5% and later 3%, added to the amount of the tax upon return of the tax roll to the County Treasurer, were less than the interest rates charged upon the tax lien up to the time of the sale, which were at first 8%, but later reduced to 6%. After the annual sale at which the county was required to purchase, and at which a 10% penalty was added, the interest rate was 10% per year for two years, and after that 35% of the tax sale price. An illustrative portion of the testimony of the Deputy County Treasurer is as follows: '' Q. Will you state what rate of interest is charged and what penalties have been added in connection with the tax rolls from 1928 to and including 1935? A. In the years 1928 and 1929, five per cent when the tax rolls are returned to the county treasurer by the town collector, together with eight per cent per annum computed from February 1st. On August 1st, in addition to the above, a dollar for advertising. On August 20th, the date of the tax sale, varying additional tax penalties were added: Ten per cent tax sale penalty, fifty cents tax sale charge, twenty-five cents tax sale certificate, and interest on the combined total at the rate of ten per cent per annum from August 20th to the date of payment, if paid within two years from the date of sale. At the expiration of two years from the date of sale, the total interest rate becomes thirty-five per cent of the sale price and does not increase beyond that rate. In the years 1931 and 1932 the same as years 1928 and 1929 except that advertising was advanced to a dollar and a half. In the years 1933 to 1935, inclusive, a three per cent penalty after the tax rolls are returned to the county treasurer's office by the town collector, plus interest at the rate of eight per cent per annum from April 1st, the balance of the penalties being the same as the years of 1930 to 1932. The Referee: That applies to all three towns, Irondequoit, Pittsford and Brighton? The Referee [sic]: The whole county.''

* * * * * * *

" Q. Does the next column headed ' Penalty ' represent a varying arbitrary per cent added to the amount of the tax bill subsequent to the tax sale? A. That is a ten per cent penalty added on after the tax sale. Q. Does that penalty increase? A. No, that is a flat penalty of ten per cent. Q. Ten per cent per annum, isn't it? A. No, it is a penalty. That is not an interest rate. That is a penalty. In other words, you have on the original tax six per cent interest prior to sale, a dollar and a half for advertising, fifty cents for the sale charge, and a ten per cent penalty on top of that plus the quarter for the certificate. Q. That is an arbitrary penalty that is added to every item? A. Yes, sir. Q. Whether sold to individuals or bid in by the county? A. That is right. Q. In the next column headed ' Interest after tax sale ' that represents what? A. That is interest at the rate of ten per cent a year for two years. Q. At the expiration of two years what is the rate? A. Thirty-five per cent. Q. Is that included only upon the tax items upon collections by the county treasurer? A. That is right."

As a result, we reach the following conclusions with reference to the matter of interest, fees and penalties. (1) The fees collected by the County Treasurer belong to the county, and there is no statute permitting their cancellation. (2) The interest *collected* by the County Treasurer should be credited to the towns, under the express provisions of Laws of 1933, chapter 833, and Laws of 1935, chapter 862, and the interest *cancelled or reduced* (without consent of the towns) should be credited to the towns, under the provisions of Laws of 1933, chapter 468, and Laws of 1934, chapter 917. (3) The penalties, whether collected or cancelled, belong to the county, since they are a type of tax imposed by the county on delinquent taxpayers, for the benefit of the county or other tax purchaser. (4) The towns should be credited with tax lien foreclosures by the county, to the extent of the original tax and interest thereon, but not to the extent of penalties and fees added to the original tax and included in the foreclosure judgments.

How much each class of charges (interest, penalties and fees) amounted to cannot be determined accurately from the record and exhibits. The matter must be remitted to the Supreme Court for such finding, if a finding be necessary. It would seem

that the county has collected more than it has paid to the town defendants.

The judgment should be modified in accordance with this opinion, and as so modified affirmed, without costs.

DESMOND, J. (dissenting in part). I agree with Judge CONWAY's opinion save in one respect. It seems to me that, as both courts below held, the county, when it makes collections of these returned taxes, should credit the towns with the amounts collected by the county for " penalties ". As the referee said: " penalties, in a broad sense, are nothing more than interest at an increased rate ". A penalty is, indeed, only interest at a higher rate, and, like all other interest on taxes, it is collected from the taxpayer as damages for delay in payment.

Before the special Monroe County tax statutes here in question were enacted, the county, under the *Amherst* decision (260 N. Y. 361) had to make up to the towns the difference between the total tax levy and the part thereof actually collected by the town collectors — and that was the end of the matter, so far as the towns were concerned. Under the new Monroe County statutes, although the county makes up such deficits to the towns, the towns must in the end pay those amounts back to the county, the towns meanwhile getting credit from the county for all collections made by the county of the delinquent taxes in question. Thus the finally determined loss on uncollected taxes in the towns, which losses formerly fell on the county, now must be borne by the towns themselves. The county thus gets a great advantage from the change in the statutes and, this being so, it seems to me that doubtful provisions of the new statutes should be construed in favor of the towns to alleviate as much as possible their greatly increased financial burden. If the county credits the towns with " interest " but not with " penalties " collected, the county will be making a profit in the amount of the " penalties ".

The judgment should be affirmed without costs.

LOUGHRAN, Ch. J., LEWIS and THACHER, JJ., concur with CONWAY, J.; DESMOND, J., dissents in opinion; DYE, J., taking no part; MEDALIE, J., deceased.

Judgment accordingly.