CITY OF NEW YORK, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant.   (Two Actions.)

Supreme Court, Special Term, Queens County, April 9, 1953.

*Nathaniel L. Goldstein, Attorney-General* (*Irving L. Rollins* of counsel), for defendant.

*Denis M. Hurley, Corporation Counsel* (*Harry E. O'Donnell, Meyer Scheps* and *Bernard J. Levy* of counsel), for plaintiff.

PETTE, J. The City of New York commenced two separate and distinct actions in rem to foreclose unpaid tax liens affecting tax lots located in sections 50 and 55, borough of Queens.

Defendant, the People of the State of New York (hereinafter called '' the State '') moved for an order dismissing the complaint in each of said actions and judgment on the pleadings, pursuant to the provisions of rule 112 of the Rules of Civil Practice and sections 243, 274 and 476 of the Civil Practice Act.

These actions were initiated pursuant to the authority granted to the city by the Legislature of the State of New York contained in chapter 411 of the Laws of 1948 (Administrative Code of the City of New York, ch. 17, tit. D).

The State's answers plead the appropriation by the State of certain lots included in the list of delinquent taxes for grade crossing elimination purposes, and the vesting of title to these lots in the State of New York.

The answers pleaded, by way of avoidance, that section 19 of the Public Lands Law precludes the city from foreclosing its tax liens affecting such land and that the city's remedies in effecting the collection of its unpaid taxes are limtied to the procedure outlined in section 19.

Pursuant to the directions contained in an order duly made and entered by Mr. Justice L. BARRON HILL, the city interposed its reply to the plea in avoidance.

The city contended: (a) that the State did not receive a title in fee simple absolute under the program for elimination of grade crossings on the Long Island Railroad, but a base or nominal fee; (b) that section 19 of the Public Lands Law was applicable solely to the assessments for local improvements and did not bar the foreclosure of liens for real estate taxes by the city; (c) that the State waived its immunity from taxation with respect to land acquired by it under the grade crossing elimination acts; and (d) that the Legislature, by enacting the city's in rem statute, specifically provided therein that a foreclosure pursuant to its provisions barred and foreclosed the title or equity of redemption of the State.

Subdivision 4 of section 6 of chapter 677 of the Laws of 1928, expressly provides that property acquired by the State for grade crossing elimination purposes, '' shall become and be the property of the people of the state.''

Subsequent to the commencement of action No. 2 and prior to the commencement of action No. 3 herein, section 19 of the Public Lands Law of the State of New York (formerly § 21, as renum. by L. 1928, ch. 578), was amended by chapter 348 of the Laws of

1951, effective March 30, 1951, to provide as follows: " § 19. *Taxes and assessments for local improvements on state lands.* A person, body or board authorized to assess lands for local improvements or purposes, shall serve on the comptroller of the state, at least three weeks prior to the confirmation of the same, a written notice of every assessment on state lands, showing the purpose for which the assessment is made, the state lands assessed and the amounts for which they are assessed, and referring to the law authorizing the assessment, and no such assessment shall be legal unless such notice is duly served. No fee, interest, penalty or expense shall be added to or accrue on any such assessment against state lands, nor shall such lands be sold therefor; but such assessments shall, if confirmed and uncontested, be paid and discharged out of any moneys appropriated therefor. *All sales of state lands for unpaid taxes or assessments for local improvements or purposes are void.* All taxes and assessments legally made on state lands, and all legal rents or charges thereon, shall be audited by the comptroller and paid out of the treasury. *If any provision of this section conflict with any provision of any other general, special or local law, this section shall prevail*; and no other general, special or local law shall be deemed to repeal, alter or abridge any provision of this section, unless this section or this article or this chapter be expressly and specifically referred to therein. *This section shall extend, in its operation and effect, so as to include all actions and proceedings, whether judicial or administrative, heretofore commenced under any general, special or local law and now pending.*" (Emphasis supplied.)

This statutory mandate is clear and unambiguous since in its operation it expressly provides that the effect thereof was to " *include all actions and proceedings, whether judicial or administrative, heretofore commenced under any general, special or local law and now pending.*" Further, such statute expressly repealed, superseded and nullified the operation and effect of the provisions of title D of chapter 17 of the Administrative Code of the City of New York, as same may have applied, if at all, to the sovereign State of New York and to its real property, for section 19 of the Public Lands Law, amended by chapter 348 of the Laws of 1951, effective March 30, 1951, expressly provides: " If any provision of this section conflict with any provision of any other general, special or local law, this section shall prevail; and no other general, special or local law shall be deemed to repeal, alter or abridge any provision of this section,

unless this section or this article or this chapter be expressly and specifically referred to therein.''

Section 19 of the Public Lands Law and title D of chapter 17 of the Administrative Code of the City of New York both relate to taxation and are *in pari materia*. They must therefore, be read together to obtain the primary legislative intent (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 221, 222; *Matter of City of New York [Woodhaven Blvd.—Queens]*, 260 App. Div. 659, affg. 173 Misc. 425). Such statutes are *in pari materia* though passed at different times. (*McCutcheon* v. *Terminal Station Comm. of Buffalo,* 88 Misc. 601, affd. 168 App. Div. 301, affd. 217 N. Y. 127.)

These statutes when read together are repugnant to and in conflict with each other so that both cannot be given effect. Hence, section 19 of the Public Lands Law as amended, a later statute, must prevail. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 391, pp. 406–412; *People* v. *Keeler,* 17 N. Y. 370; *People* v. *Dwyer,* 215 N. Y. 46; *O'Rourke* v. *Cohen,* 31 N. Y. S. 2d 118, affd. 262 App. Div. 1032, affd. 286 N. Y. 711; *County of Monroe* v. *Town of Brighton,* 268 App. Div. 484, affd. 295 N. Y. 399; *Harman* v. *Board of Educ. of City of New York,* 196 Misc. 286, affd. 275 App. Div. 694, affd. 300 N. Y. 21.)

The explicit language of section 19 of the Public Lands Law, as amended by chapter 348 of the Laws of 1951, which prohibits a sale of State-owned lands for unpaid taxes, restricts the application of the earlier statute (L. 1948, ch. 411), now title D of chapter 17 of the Administrative Code of the City of New York, upon which the present actions are predicated.

While section 3 of the Tax Law permits a municipality to tax property used or occupied by a railroad for purposes of railroad operation, title to which is in the State of New York, under the grade crossing elimination acts, section 19 of the Public Lands Law, as amended, provides that all sales of State lands for unpaid taxes or assessments are void, and all taxes and assessments legally made on State lands and all legal rents or charges thereon shall be audited by the Comptroller and paid out of the treasury. It thus appears that any and all unpaid taxes or assessments due upon the land in suit, owned by the People of the State of New York, can only be collected from the Comptroller of the State of New York.

Such unpaid taxes or assessments cannot therefore be deemed a lien on State-owned lands nor subject to foreclosure by action in rem.

Of similar import is the case of *Raisch* v. *City of New York* (235 App. Div. 706–707) wherein the Appellate Division, Second Department, in a *Per Curiam* opinion, said, in part: " The Public Lands Law (*supra*) provides that assessments shall be audited by the Comptroller and paid out of the treasury, and that *sales of State lands for unpaid taxes or assessments for local improvements ' while such title vested in the State ' are void.*" (See, also, *People* v. *City of New York*, 120 Misc. 247, affd. 207 App. Div. 822.)

The immunity of the State of New York as a sovereign from suit, as in the instant actions, so as to divest it of real property that had vested in the State, is a fundamental principle of our jurisprudence. This doctrine has deep roots in the common law and is to be found and consistently supported in the earliest judicial records. (*Seitz* v. *Messerschmitt*, 117 App. Div. 401, affd. 188 N. Y. 587.)

When the law of the cases and statutes cited herein is applied to the facts of these actions, it is clear that defendant, People of the State of New York, have a complete defense and should prevail upon this application.

Defendant's motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, is hereby granted.

The court wishes to commend the attorneys for the respective parties for their painstaking research in presenting the issues and questions of law involved herein.

Submit orders.