Burke, J.
The order under review, granting respondent the right to inspect books, records and files of the Triborough *203 Bridge and Tunnel Authority, reversed Special Term, which had found (1) that the provisions of section 66 of the Public Officers Law and section 51 of the General Municipal Law do not apply to this Authority, and (2) that petitioner has not shown that special interest requisite to obtain an inspection of the records of the Authority. We conclude that Special Term was correct.
Decisions such as Benz v. New York State Thruway Auth. (9 N Y 2d 486) are expressive of a constitutional and legislative policy that public authorities should be subjected only to those procedures which have been specifically mandated. “ [Tjhere is no jurisdiction in any court of any suit against [an Authority] except as the Legislature has in terms created such jurisdiction ” (supra, p. 489). We are, therefore, restricted initially to a search for that provision of the Public Authorities Law which gives a citizen and taxpayer, by virtue of that status, a right of inspection.
Although the Legislature has from time to time seen fit by appropriate legislation to subject Authorities to various degrees of control and inspection (Public Authorities Law, §§ 552, 560, 2500, 2502, 2503; State Commission of Investigation Act [L. 1958, ch. 989], § 2, subd. 1, par. b; subd. 11, par. c; Public Authorities Law, § 2501, added,by L. 1961, ch. 615), there is no provision which has authorized a tollpayer or citizen to examine the papers of an Authority.
Eespondent, aware of the lack of specific legislation, argues that it has such a right under the general provisions of law applicable to public records of government (Public Officers Law, § 66; General Municipal Law, § 51). Such a contention may be sustained here only if the Authority is an agent of the city (§51) or constitutes a “ public office ” (§66).
In this regard the respondent must fail. “ [T]he cases confirm the conclusion that a public authority enjoys an existence separate and apart from the State, even though it exercises a governmental function”. (Matter of Plumbing Assn. v. Thruway Auth., 5 N Y 2d 420, 424.) The language in that opinion clearly points to our conclusion here:
“ Although created by the State and Subject to dissolution by the State, these public corporations are independent and autonomous, deliberately designed to be able to function with *204 a freedom and flexibility not permitted to an ordinary State board, department or commission” (p. 423).
‘ ‘ However close such relationship [between the State and the Authority] may be, though, it is abundantly clear that the Authority stands on its own feet, transacts its business affairs through its own personnel and on its own initiative and is not subject to the strict requirements imposed upon a board or department of the State by a provision such as section 135 of the State Finance Law” (pp. 424b-425). (See, also, Bird v. New York State Thruway Auth., 8 A D 2d 495, 496-497.)
Matter of New York Post Corp. v. Leibowitz (2 N Y 2d 677) is not authority to the contrary. 11 The specific issue presented in [that] case * * # relates to a transcript merely of the charge given by the judge to the jury” (p. 687).
Section 51 of the General Municipal Law having been clearly construed as not giving a right of action against officers or agents of the State (Bull v. Stichman, 298 N. Y. 516, motion for rearg. den. 300 N. Y. 460; Schieffelin v. Komfort, 212 N. Y. 520; County of Albany v. Hooker, 204 N. Y. 1), it can only be applicable here if the Authority is an arm of the city. We find no such close connection. While the city and its officials have duties of supervision, they are not such as to enable us to conclude that the Authority acts for or on its behalf (see, also, Matter of Reynolds, 202 N. Y. 430, 441, wherein it was held that no right of action existed under section 51 against the City Board of Elections; “ The defendants, the city board of elections, doubtless are local officers, but no relation of principal and agent, or of master and servant, exists between them and the city”). The true beneficiary of the actions of this public benefit corporation has been clearly designated by subdivision 4 of section 3 of the General Corporation Law: “A ‘ public benefit corporation ’ is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof.”
This does not present, as petitioner would have us believe, a “ system whereby these immense expenditures of money by the Authority, created for the benefit of the people, could be made without any right of the people’s representatives to investigate the conduct of the Authority”. The Legislature, *205 creating the Authority by special act (L. 1946, ch. 954; N. Y. Const., art. X, § 5), has provided that it must report to, and be subject to investigation by, the State Comptroller and City Comptroller, the Chairman of the Senate Finance Committee, the Chairman of the Assembly Ways and Means Committee, the State Commission of Investigation, the Mayor of the City of New York, and even a trustee designated to represent a proportion of the bondholders. (Public Authorities Law, §§ 552, 560, 2500, 2502, 2503; State Commission of Investigation Act [L. 1958, ch. 989], § 2; 1952 and 1960 General Bond Resolutions of Triborough Bridge & Tunnel Auth.). Had the Legislature desired the object sought by the respondent, it could easily have so provided in the special act, or in those provisions applicable to all public authorities. Had the people favored that result, the extensive constitutional provision, adopted in 1938, would have so stated.
We must, therefore, conclude that when a corporate entity is specifically created by comprehensive and complete legislation which protects the State and city from liability and frees the Authority from restraints otherwise applicable to agencies of the government, there is no reason to invoke laws general in nature. Considered thus, neither of the statutes urged by petitioner is applicable, and the records and files of the Authority do not constitute 1 ‘ public records ’ ’ which might be deemed open to inspection by any member of the public.
It is significant that, even in the case of parties with special interests, the Legislature has taken pains to precisely define the remedies available to them against an Authority (cf. Public Authorities Law, §§ 361-b, 368, subds. 4, 5).
Though we are strongly in favor of enforcing the government’s duty to disclose to its citizens the course of conduct of its various departments, in the ease of a public authority it is for the Legislature, rather than the courts, to decide to what extent its operations may be subjected to public scrutiny. Where the Legislature has provided specific means for supervision, the courts may not engraft amendments which the Legislature has not even impliedly sanctioned.
Accordingly, the order of the Appellate Division should be reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.