Edward G. Baker, J.
Plaintiff, a resident of Richmond County, moves for a temporary injunction in this action in which the ultimate relief sought is a judgment perpetually enjoining and restraining the defendants, the City of New York and the Triborough Bridge and Tunnel Authority, from charging a toll to residents of the Borough of Richmond and to the plaintiff for passage and travel on the ferry system operated by the defendant City of New York, and on the V err azano-N arrows Bridge operated by the defendant Triborough Bridge and Tunnel Authority. Each defendant moves, by way of cross motion, to dismiss the complaint, pursuant to CPLR 3211 upon the ground that, as to it, the complaint fails to state a cause of action.
The complaint alleges, in substance, that, by reason of the imposition of tolls on both facilities, the plaintiff, as a resident of the Borough of Richmond, 1 ‘ hasbeen denied the right to travel freely without payment of a tax or toll to other parts of the * * * City of New York; namely the Borough of Manhattan, seat of the City Government; and which said right has not been denied to residents of other boroughs of the * * * City of New York ”; that the defendant, city, “ has a legal duty and obligation to provide a facility wherein the plaintiff and other residents of the Borough of Richmond have the same right of free access to the Borough of Manhattan and City Hall * * * as do other residents of other boroughs ”; that unless the establishment of a toll for passage on the VerrazanoNarrows Bridge, or the toll for passage on the ferry be prohibited as to him, the plaintiff will be deprived of his constitutional right to equal protection of the law and of his right freely to petition the government; that by reason of the denial of these constitutional rights, plaintiff will suffer irreparable injury, and that adequate relief may be had only by a judgment enjoining and restraining the defendants, or one or the other of them, from imposing or exacting a toll for the use by residents of the Borough of Richmond of one facility or the other.
In substance, the plaintiff maintains that one or the other of the facilities which provides for him and other residents of the Borough of Richmond access to the seat of city government must be toll-free, and that, if both means of access require the payment of a toll, his rights under the State and Federal Constitutions and the rights of other similarly situated, are denied or abridged.
*434 Defendant Triborough urges that plaintiff has no standing or right to maintain this action; that his position does not differ in any way from that of any other member of the public who must pay a toll for passage on the bridge or a fare for passage on the ferry; that neither the complaint nor the moving affidavit indicates that plaintiff has suffered any injury peculiar to himself by reason of the imposition of a toll or fare.
In McGovern Trucking Co. v. Moses (16 Misc 2d 72, 74, affd. 277 App. Div. 758) the court wrote: “It is the established law that, where the injury complained of is in fact a public injury, and the right violated is a public right, an individual cannot maintain an action for an injunction, or for any other relief, unless he suffers a special injury different from that suffered by the public at large. " (Citing cases.)
However, in view of the relief demanded in the complaint and the allegations contained in paragraphs “ Tenth ” and “ Thir - teenth ” thereof, the action will be considered as having been brought not only in behalf of plaintiff but also in behalf of all residents of Staten Island, who, as a group or class, claim injury not suffered by residents of other boroughs of the city.
The defendant Authority is a public benefit corporation established and existing under the “ Triborough Bridge and Tunnel Authority Act ” (Public Authorities Law, art. 3, tit. 3). It is an entity separate and distinct from the defendant city. It is not “ an arm ” of defendant city (Matter of New York Post Corp. v. Moses, 10 N Y 2d 199, 204).
On November 21,1964 it opened for public use the VerrazanoNarrows Bridge. The power to construct, maintain and operate the bridge was vested in the Authority by section 553 (subd. 9, par. [h]) of the Public Authorities Law. The Authority has power to establish and collect tolls on the bridge (Idem, § 553, subds. 5, 12), and to issue “its negotiable bonds for any corporate purpose or power” (Idem, § 561, subd. 1). The entire cost of construction of the bridge was paid from the proceeds of the sale of bonds issued and sold to the public, and payable only out of revenues of the Authority (§ 564). The bonds so issued and sold are not obligations of the State of New York or of the City of New York. No resident of the Borough of Richmond is charged, taxed or assessed with any part of the cost of the operation of the bridge or of its maintenance, nor was any such resident charged, taxed or assessed with any part of the cost of its construction. As defendant Authority maintains, the plaintiff has no vested constitutional, inherent or other right to free use of a bridge built from funds supplied by purchasers of *435 bonds and to which, he contributed nothing. No right of this plaintiff, is denied or abridged by the imposition of a toll for the use of this facility which was constructed in furtherance of State needs and for the benefit of the people of the State. (Whalen v. Wagner, 4 N Y 2d 575, 584, 585.)
The complaint, as it relates to the defendant Triborough, fails to state a cause of action, and as to it, the motion to dismiss is granted.
It remains to be determined whether, as plaintiff contends, the imposition of a fare or toll for passage on the ferry is discriminatory as to this plaintiff and others similarly situated; whether it denies to him and to them the equal protection of the law; and whether it constitutes a denial or abridgment of his or their constitutional right to petition the city government.
The Montgomerie Charter of 1730 (Ash, Greater New York Charter, [5th ed.], § 15, p. 1454; § 37, p. 1469) conferred on the City of New York “ the exclusive ownership of the ferry franchises between it and Staten Island and the right to establish, control and receive the revenues of all the ferries between the two places.” (Mayor, etc. of City of N. Y. v. Starin, 106 N. Y. 1, 25; Matter of Wheeler, 62 Misc. 37, affd. 137 App. Div. 894.) The city’s rights, vested in it by the provisions of the Charter, were continued and perpetuated by article 36 of the first Constitution of the State of New York, passed April 20, 1777, which preserved to bodies politic all charters granted by the King of England prior to October 14, 1775 (Matter of Wheeler, supra, p. 40). Those rights remain in force today by virtue of the provisions of section 15 of article I of our present State Constitution.
The authority of the city, under its charter, to establish or operate ferries around the city, is, as this defendant contends 11 absolute, conclusive and exclusive ”. That right carries with it the right to charge fares for the use of the facility by any person who chooses to avail himself of that use, whatever his residence. No right of this plaintiff is denied or abridged by the requirement that he pay a fare for passage on the ferry.
The toll or fare is exacted from all persons availing themselves of the use of the ferry service without regard to residence. As the defendant city maintains, “ the class of persons subject to the toll are ‘ ferry users ’ who pay in direct proportion to the benefits they receive, i.e., passage on the ferry”. The facility is furnished and maintained at public expense which means that all taxpayers, resident in the. city, contribute to the cost of its maintenance and operation., The contribution made in the form *436 of taxes by residents of the Borough of Richmond is no greater and no less than that made by the residents of the other boroughs of the city.
The argument that the fare charged for passage on the ferry is discriminatory in respect to residents of the Borough of Richmond is without merit. Nor is there any substance to the plaintiff’s claim that the imposition of a fare or toll is violative of any constitutional right of plaintiff, and that it constitutes a denial or abridgment of his right and the rights of other residents of the Borough of Richmond to petition the city government. The toll or charge on the ferry is no more discriminatory as to this plaintiff and others similarly situated than the toll charge or cost that must be paid or incurred by residents of other boroughs of the city who seek access to the seat of government by means of subway, bus, or privately owned vehicles.
The complaint, as it relates to the defendant City of New York, fails to state a cause of action, and as to it, the motion to dismiss is granted.