■ In the Matter of 205 LINDEN REST. CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent State Liquor Authority which (1) found that petitioner had suffered or permitted gambling on its licensed premises on one occasion and (2) suspended its restaurant liquor license for a period of 10 days. Determination annulled, on the law, without costs. The Authority's finding that gambling was suffered or permitted on petitioner's premises was not supported by substantial evidence (*Matter of 2125 Barney's* v. *New York State Liq. Auth.,* 16 A D 2d 252, affd. 13 N Y 2d 662). If gambling did in fact occur it was not shown to be of sufficient duration to warrant the implication that petitioner suffered or permitted the gambling within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law (*Matter of Migliaccio* v. *O'Connell,* 307 N. Y. 566, 568). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ LUTHERAN HIGH SCHOOL ASSOCIATION OF NEW YORK CITY, INC., Respondent, v. CITY OF NEW YORK, Appellant.— Judgment of the Supreme Court, Queens County, dated March 10, 1967 and made after a nonjury trial upon an agreed statement of facts, which judgment cancelled real estate taxes on plaintiff's premises for the 1961–62 tax year, reversed, on the law, without costs, and complaint dismissed. The findings of fact below are affirmed. The property was acquired by plaintiff, which has tax-exempt status, on July 19, 1961, subsequent to the end of the period of time fixed for New York City assessment procedures, including closing of books and termination of hearings of aggrieved owners, and subsequent to actual commencement of the tax year on July 1, 1961. As of the time of acquisition, the time within which tax exemption could be effectuated for the 1961–62 tax year had expired. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.