■ SEYMOUR SHELDON et al., and All Other Persons Similarly Situated on the Rockaway Peninsula and Broad Channel, Appellants, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In a class action to declare certain transit fare increases invalid, plaintiffs appeal from an order of the Supreme Court, Queens County, dated January 25, 1972, which, on defendant's motion, dismissed the complaint on the grounds of insufficiency and plaintiffs' lack of standing to maintain the action. Order reversed, with $10 costs and disbursements, and motion denied. Defendant's time to answer the complaint is extended until 20 days after service of a copy of the order to be made hereon, with notice of entry. Plaintiffs, individually and on behalf of all others similarly situated on the Rockaway Peninsula and Broad Channel, commenced this action on November 12, 1971 for a judgment declaring certain fare increases on the Rockaway line of the New York City Transit Authority to be violative of section 1205 of the Public Authorities Law and the Equal Protection Clause of the Constitution of the United States. The complaint alleges, inter alia, that fare increases on the Rockaway line since its inception in 1956 have been promulgated at an arbitrary ratio of twice those promulgated for defendant's transit system as a whole and that these increases bear no relation to the statutory objective of maintaining defendant's operations on a self-sustaining basis, embodied in section 1205 of the Public Authorities Law. We disagree with the determination at Special Term. The complaint alleges "special injury" to plaintiffs as resident transit users of the Rockaway line, not suffered by transit users at large in the City of New York. As such, plaintiffs have standing to maintain this action (cf. Glen v. Rockefeller, 61 Misc 2d 942, 944, affd. 34 A D 2d 930; Goodman v. City of New York, 46 Misc 2d 432). Further, in our judgment, in alleging arbitrariness and a disregard of statutory standards in the quasi-judicial act of promulgating fare increases, plaintiffs state a cause of action against defendant for a declaratory judgment to examine such claims (Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400; Levine v. Long Is. R. R. Co., 38 A D 2d 936). While it is true that the courts may not substitute their judgment for that of a public authority in promulgating fares, the latter is, at a minimum, required to show that there was an exercise of judgment in accordance with statutory standards, when it is alleged, prima facie, that there was none. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.