Morris E. Spector, J.
Petitioner, pursuant to CPLR article 78, seeks to annul respondent’s determination denying petitioner employment contending in substance that pursuant to section 50 of the Civil Service Law, an applicant for civil service cannot be disqualified for drug addiction or the conviction of a crime unless he has been given a written statement of the reasons and afforded an opportunity to explain or refute such facts. The respondent cross-moves to dismiss the petition contending that pursuant to the Public Authorities Law (§ 1203-a, subd 3, par [b]) no rights accrued petitioner under the Civil Service Law. The cross motion is granted. Section *163 1203-a (subd 3, par [b]) provides that respondent has the power to appoint employees and said employees shall not become for any purpose employees of the City of New York or the New York City Transit Authority "and shall not acquire civil service status”.
The petitioner urges that the section is unconstitutional because it violates section 6 of article V of the Constitution of this State which requires appointments in the civil service to be made according to merit or fitness to be ascertained as far as practicable by examination.
At the outset, it should be noted that petitioner makes no factual showing that respondent is not making appointments within the constitutional guidelines. The fact that respondent did not follow the procedural steps required under the Civil Service Law is no indication that appointments are not being made according to merit and fitness.
However, the constitutional provisions only have application to appointments in the "civil service of the state and all of the civil divisions thereof, including cities and villages”: The respondent was created under subdivision 2 of section 1203-a of the Public Authorities Law as a public benefit corporation, and as such it is, as the name implies, a corporation (see General Construction Law, § 65). The very name, "public benefit corporation”, imparts a distinct connotation of separateness and judicial distinction from the State, its political subdivisions and municipal corporations (cf. Matter of Dormitory Auth. [Span Elec. Corp.], 18 NY2d 114; Matter of New York Post Corp. v Moses, 10 NY2d 199; Matter of Smith v Levitt, 37 AD2d 418; Goodman v City of New York, 46 Misc 2d 432; Ciulla v State of New York, 191 Misc 528).
As a result the respondent public benefit corporation is not a civil division of the State within the meaning of section 6 of article V of the Constitution and the provision relied upon by the cross movant is not unconstitutional. The petition is dismissed.