MELVIN MELVIN, ESQS. General Counsel, Auburn Industrial Development Authority
This is in response to your letter wherein you ask for an opinion of the Attorney General relating to the following questions:
 "1. Is the Auburn Industrial Development Authority a `state agency' (as said term is defined in Section 8-0105[1] of the Environmental Conservation Law, as amended by Chapter 228 of the Laws of New York 1976) required to comply with the provisions of the State Environmental Quality Review Act on September 1, 1976?
 "2. Assuming that the Authority adopts the additional procedures required by Section 8-0113(3) of the Environmental Conservation Law, must it publish these additional procedures in full, or may the Authority publish a short notice to the effect that such additional procedures have been adopted and are on file and available for public inspection at the Auburn City Clerk's Office?
 "3. Is the Authority an `authority * * * or other agency of the state' required to file its rules and regulations with the Secretary of State pursuant to the provisions of Section 102 of the Executive Law?
 "4. Is the Authority a `state * * * authority' required to comply with the provisions of Section 101-a of the Executive Law?"
The Auburn Industrial Development Authority was created by Laws of 1969, chapter 915, effective May 22, 1969, as Title 15 of Article 8 of the Public Authorities Law. Public Authorities Law, § 2304, contained in said Title, declares said Authority to be a "body corporate and politic, constituting a public benefit corporation." Its members are appointed by the Mayor subject to confirmation by the Common Council.
The State Environmental Quality Review Act (SEQR), as amended by chapter 228 of the Laws of 1976, expressly defines "State agency" in Environmental Conservation Law, § 8-0105(1), as "any state department, agency, board, public benefit corporation, public authority or commission * * *." (Emphasis supplied.)
General Construction Law, § 65, provides, in part:
"a. A corporation shall be either,
"1. A public corporation,
* * *
"b. A public corporation shall be either,
"1. A municipal corporation,
"2. A district corporation,
 "3. A public benefit corporation. * * *" (Emphasis supplied.)
General Construction Law, § 66(4), provides:
 "4. A `public benefit corporation' is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof."
In Matter of Courtney Bell v. Manhattan and Bronx SurfaceTransit Operating Authority, 81 Misc.2d 162 (Supreme Court, Bronx County, 1974), the Court in referring to the status of the Bronx Surface Transit Operating Authority, stated, in part:
 "* * * The respondent was created under subdivision 2 of section 1203-a of the Public Authorities Law as a public benefit corporation, and as such it is, as the name implies, a corporation (see General Construction Law, § 65). The very name, `public benefit corporation', imparts a distinct connotation of separateness and judicial distinction from the State, its political subdivisions and municipal corporations (cf. Matter of Dormitory Auth. [Span Elec. Corp.], 18 N.Y.2d 114; Matter of New York Post Corp. v Moses, 10 N.Y.2d 199; Matter of Smith v Levitt, 37 A.D.2d 418; Goodman v City of New York, 46 Misc.2d 432; Ciulla v State of New York, 191 Misc 528)."
In view of the judicial holdings that a public benefit corporation is a public body separate and distinct from the State, it is apparent that the State Legislature by its definition of "State agency", contained in Environmental Conservation Law, § 8-0105(1), evinced an intent that public benefit corporations, such as the Auburn Industrial Development Authority, be subjected to the provisions of SEQR and be required to comply with the first step of the phased implementation of SEQR on September 1, 1976 — actions directly undertaken by a "State agency" (Environmental Conservation Law, § 8-0117[1]).
Environmental Conservation Law, § 8-0113, provides, in part:
 "1. After consultation with the other agencies subject to the provisions of this article, including state agencies and representatives of local governments and after conducting public hearings and review of any other comments submitted, the commissioner shall adopt rules and regulations implementing the provisions of this article within one hundred and twenty days after the effective date of this section.
* * *
 "3. Within the time periods specified in section 8-0117 of this article the agencies subject to this article shall, after public hearing, adopt and publish such additional procedures as may be necessary for the implementation by them of this article consistent with the rules and regulations adopted by the commissioner."
6 NYCRR Part 617 was adopted pursuant to Environmental Conservation Law, § 8-0113 for the purpose of implementing the provisions of Article 8 of the Environmental Conservation Law which provides for SEQR. No provision is made in said Rules and Regulations for the method of publishing additional procedures
(see, 6 NYCRR 617.10).
We find no specific direction in any statute for the method to be followed in complying with the requirement for publication of additional procedures if adopted by the Authority pursuant to provisions of Environmental Conservation Law, § 8-0113(3). However, while the Auburn Industrial Development Authority is not subject to the State Administrative Procedure Act, as will be pointed out later, the provisions of section 501, contained in said Act, could serve as guidelines for the method of publication for additional procedures if adopted.
Executive Law, § 101-a(1) (a) and (b), provide:
"1. Definitions. As used in this section,
 "a. `Agency' means any state board, bureau, commission, department, authority, division, or officer authorized by law to make rules.
 "b. `Rule' means the whole or part of each agency statement of general applicability or regulation or code that implements or applies law, or prescribes the procedure or practice requirements of any agency, including the amendment, suspension or repeal thereof, except such as relates to the organization or internal management of the agency."
Executive Law, § 102(1), provides, in part:
 "1. Each department, board, bureau, officer, authority, commission or other agency of the state, authorized by statute to adopt codes, rules or regulations shall transmit to the secretary of state a certified copy of every such code, rule and regulation * * *."
Although the Auburn Industrial Development Authority is a "State agency" for the purposes of the State Environmental Quality Review Act and as such is authorized to adopt and publish certain additional procedures necessary for the implementation of the Act, it is not an "authority" of the "state" within the meaning of sections 101-a(1) (a) and 102(1) of the Executive Law. Sections 101-a(1) (a) and 102(1), apply only to those designated "state" bodies which are "authorized" by law to adopt rules or regulations. Executive Law, § 101-a(1) (b) in the definition of "Rule" specifically excepts from said definition procedures that are not of general application and relate only to internal management of the agency. It is apparent that the Auburn Industrial Development Authority is subject to neither the provisions of Executive Law, § 101-a nor Executive Law, § 102.
Laws of 1975, chapter 167, enacted the State Administrative Procedure Act, effective September 1, 1976. In the Governor's Memorandum of Approval on June 3, 1975, Governor Hugh L. Carey, stated, in part:
 "This Act will assure that all agencies which promulgate rules do so in a simple, uniform and comprehensible manner. It will assure that agencies which hold hearings will do so in a fashion which is open, fair and understandable. * * *"
The State Administrative Procedure Act, § 102(1), provides, in part:
 "1. `Agency' means the state or any state department, including any board, bureau, commission, division, office, council, or officer therein, or a public benefit corporation or public authority at least one of whose members is appointed by the governor, authorized by law to make rules * * *."
The Auburn Industrial Development Authority is not an "agency" within the meaning of the above definition, since it is not a "public benefit corporation or public authority at least one of whose members is appointed by the governor, authorized by law to make rules * * *." All of the members of the Authority are appointed by the Mayor of the City of Auburn and not one is appointed by the Governor. Moreover, as noted previously, the Authority has no power to make rules, as is contemplated by the above definition.
From all of the foregoing, we conclude that the Auburn Industrial Development Authority is a "State agency" (as said term is defined in section 8-0105[1] of the Environmental Conservation Law, as amended by chapter 228 of the Laws of 1976) and was required to comply with the first step of the phased implementation of the State Environmental Quality Review Act (SEQR) on September 1, 1976. The Auburn Industrial Development Authority is not mandated to comply with the provisions of Executive Law, §§ 101-a and 102.