■  In the Matter of ROLAND M. CAVALIER et al., Respondents, v JAMES J. McCUE, as Records Access Officer for the State University Construction Fund, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered October 5, 1976 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, and directed the disclosure of certain documents. The Sampson Window Corp. performed some work for the appellant State University Construction Fund and thereafter requested access to certain materials relating to the contractual arrangements of another entity involved in the same project. Some of the documents were produced, but appellants rejected a more detailed subsequent request for additional information. Invoking section 88 of the Public Officers Law, the Freedom of Information Law, the corporation and its attorney commenced this proceeding to compel appellants to make these disputed papers available for their inspection. Further concessions were made by appellants in their answer and, following an *in camera* examination of the remaining materials, Special Term granted the petition. Its judgment should be reversed and the petition dismissed. The applicable statute directs that certain records be made available to "any persons" on request (Public Officers Law, § 88, subd 6) and, though he might represent other interests, the petitioning attorney plainly has standing under this provision to maintain the instant proceeding. Accordingly, we need not decide the precise status of the Sampson Window Corp. before proceeding to a consideration of the merits. As a public benefit corporation (Education Law, § 371, subd 1), appellant is an "agency" which must comply with the Freedom of Information Law (Public Officers Law, § 87, subd 1). Subdivision 1 of section 88 of the Public Officers Law lists specific materials subject to its reach, but only paragraph [i] thereof has any arguable bearing on this case for it mandates the disclosure of "any other files, records, papers or documents *required by any other provision of law to be made available* for public inspection and copying" (emphasis supplied). Petitioners rely on section 144 of the Education Law as providing a basis for the requested relief. That section merely defines the words "public records"; it does not insist that they be made available for public inspection or copying. Thus, even if we were to conclude that the information sought herein falls within its definition, we do not construe that section as being sufficient to trigger the application of the quoted paragraph contained in the Public Officers Law. No such "other provision of law" has been called to our attention and we are aware of no right of access in the absence of section 88 of the Public Officers Law that would supply an independent basis for relief in petitioners' favor (Public Officers Law, § 88, subd 10; see *Matter of New York Post Corp. v Moses,* 10 NY2d 199). Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.