■ In the Matter of JOHN J. SHEEHAN, Respondent, v CITY OF BINGHAMTON et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered April 25, 1977 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking access to a certain complaint on file with the Police Department of the City of Binghamton. On September 10, 1976 in the City of Binghamton, a CB radio was stolen from a car owned by one Harold C. Clackett. The theft was reported to the police and on September 20, 1976 petitioner filed an application for public access to records pursuant to the Freedom of Information Law which comprises sections 85 through 89 of the Public Officers Law (hereinafter all citations to sections 85 through 89 refer to Public Officers Law). The application for a copy of the complaint (Form No. 1) was denied by the record sergeant of the Binghamton City Police Department upon the ground that it was part of an investigatory file and this denial was affirmed by the Acting Mayor of the city. This proceeding was then commenced and, after production of the requested document for an *in camera* inspection, the court concluded that it contained no information which qualified for an exemption as part of an investigatory file (§ 88, subd 7, par d), save for one entry which requires no comment here, and also found that the sought-after document fell within the meaning of "police blotter" as referred to in section 88 (subd 1, par f) and ordered that respondent permit the petitioner to examine and copy the requested document. This appeal followed. The document in question (Form No. 1) is referred to as a general complaint report and contains appropriate boxes for name, address, date of birth, etc., of complainant. Also, spaces are provided for "details of complaint", "status" and "follow-up". At the outset, we would point out that the Freedom of Information Law has recently been significantly amended with changes therein to take effect on January 1, 1978 (L 1977, ch 933, § 1) so that our decision here offers little precedent for the future. However, considering the issue presented under current law, it should be noted that the law does not make all records of government generally available but, rather, provides that only certain enumerated categories are available (see *Matter of Cavalier v McCue*, 58 AD2d 729). This conclusion is clearly compelled by the language of the statute wherein it states "Each agency, in accordance with its published rules, shall make available for public inspection and copying", and then enumerates nine categories of documents (§ 88, subd 1). There is no indication that all records and documents are to be made available. That some limitation was expressly intended is borne out by the Governor's memorandum of approval, issued when the Freedom of Information Act was passed, in which he stated that the law "*sets forth those records* of government to which the public shall have unimpaired access" (emphasis added). Moreover, the amendment (L 1977, ch 933, § 1) speaks to the limitation existent in the current law for it provides "Each agency shall make available for public inspection and copying *all records,* except" (emphasis added). Surely, if the Legislature, in enacting the current law, had intended that all records were to be made available, it would have so provided, instead of setting forth those records which were available. Accordingly, since all documents are not presumptively available for public inspection and copying, in order for public access to be mandatory the requested document must be included in one of the

nine enumerated categories of subdivision 1 of section 88.* Special Term found that the document in question was included in the category of "police blotters and booking records" (§ 88, subd 1, par f). The document is obviously not a booking record and so can only be available if considered as being a part of a police blotter. Though not defined by statute, police blotter is defined as "a book in which entries (as of transactions or occurrences) are made temporarily, pending their transfer to permanent record books" (Webster's Third New International Dictionary) and as "a police record, kept at the station, of arrests" (Ballantine's Law Dictionary). The record before us indicates that the Committee on Public Access to Records "has consistently advised that a blotter is in the nature of a log or diary in which any event reported by or to a police department is recorded. It contains no investigative information but merely summarizes an occurrence". Since the Committee on Public Access of Records is the administrative agency charged with oversight of the Freedom of Information Law (§ 88, subd 9), its interpretation of the statute, if not irrational or unreasonable, should be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434, 438). The record indicates that the requested document or "complaint" is a field officer's report and, as such, may well include hearsay, reports of confidential informants and their names, suspicions or rumors. No reasonable definition of "police blotter" would call for the inclusion of such information thereon. Accordingly, we find that, since the requested document was not subject to disclosure under section 88, its availability should have been denied. Judgment reversed, on the law, and petition dismissed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

---

* Subdivision 10 of section 88 provides that any pre-existing right of public access remains in effect. However, petitioner has not called this court's attention to any such right.