OPINION OF THE COURT
Cooke, J.
We hold that the State University Construction Fund *87 (Fund), although created by the State of New York, is neither the State of New York nor an agency thereof for purposes of application of chapters 944 and 945 of the Laws of 1974.
Respondents were successful bidders for public contracts and entered into lump-sum construction contracts with the Fund in the fall of 1973. The agreement with respondent John Grace & Co. called for the construction of a project described as a "Sitework High Temperature-water Distribution” on the campus of the State University of New York at Stony Brook. Respondent A. D. Herman Construction Co. agreed to construct certain buildings at "Campus Core West” at the State University College at Old Westbury.
Subsequent to the execution of these contracts, the Legislature enacted two general laws, "to provide equitable relief to those contractors who, having been awarded public contracts, have sustained damage by reason of [the] energy crisis” (L 1974, ch 944, § 1). Chapter 944 authorizes certain adjustments in public construction contracts to reflect the increased cost of products containing petroleum derivatives; chapter 945 amends the previous chapter to include adjustments for increased steel costs. So far as is relevant here, the statute provides: "Whenever the terms and conditions of a construction contract awarded by the state of New York * * * requires a contractor to furnish materials containing petroleum derivatives of any kind or steel products * * * line items in such contracts pertaining to such materials may be adjusted upon a determination made by the officer of the department, board or agency that awarded such contract” (L 1974, ch 945, § 2).
Upon refusal by the Fund to adjust prices to reflect the escalated cost of petroleum derivatives and steel products used by them in the performance of their contractual obligations, each respondent instituted an action seeking, inter alia, a declaration that the Fund is subject to the provisions of chapters 944 and 945 and is required to make the adjustments requested. Asserting that the statutes in issue are inapplicable to it, the Fund moved to dismiss the respondents’ complaints on the ground that they failed to state a cause of action (CPLR 3211, subd [a], par 7). The court at Special Term denied the motion. A unanimous Appellate Division affirmed, certifying the following question for our review: "Did Special Term err as a matter of law in denying defendant’s motion to dismiss the complaint?”
The Fund was created in 1962 as a public benefit *88 corporation to receive and administer moneys available for the construction of facilities of the State University of New York (L 1962, ch 251, § 1). We begin our inquiry, then, with the proposition that public benefit corporations, such as the Fund, created by the State for the general purpose of performing functions essentially governmental in nature, are not identical to the State or any of its agencies, but rather enjoy, for some purposes, an existence separate and apart from the State, its agencies and political subdivisions (Matter of Smith v Levitt, 37 AD2d 418, 421, affd 30 NY2d 934; Matter of New York Post Corp. v Moses, 10 NY2d 199, 203; Benz v New York State Thruway Auth., 9 NY2d 486, 489; Pantess v Saratoga Springs Auth., 255 App Div 426, 428). Although there is necessarily some degree of relationship between the Fund and the State — the fund was created by the State and is subject to dissolution by the Legislature — as a public benefit corporation, the Fund is "independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission” or agency (see Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 423; see, also, 1951 Opns Atty Gen 130, 132).
The distinction is at once obvious. The mere fact that the Fund is an instrumentality of the State, and as such, engages in operations which are fundamentally governmental in nature does not inflexibly mandate a conclusion that it is the State or one of its agencies for purposes of chapters 944 and 945 (compare Easley v New York State Thruway Auth., 1 NY2d 374, 376-377, with Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Auth., supra, p 424). Instead, a particularized inquiry into the nature of the instrumentality and the statute claimed to be applicable to it is required. In the context of this case, if the statutes creating the Fund and empowering it to let its contracts (Education Law, art 8-A) imbue it with such a degree of identity as to be considered an integral part of the State qua State, the provisions of chapters 944 and 945 of the Laws of 1974 are applicable to the Fund as it would be an agency of the State. On the other hand, if its enabling act distinguishes Fund contracts from those let by the State or its agencies, and in so doing, distinguishes the Fund sharply from an agency which is merely an alter ego of the State, then the statutes at issue here are inapplicable to it *89 (see Matter of Dormitory Auth. of State of N. Y. [Span Elec. Corp.], 18 NY2d 114, 117).
Chapters 944 and 945 of the Laws of 1974 were enacted to provide a measure of relief to those awarded contracts "by the state of New York”. An examination of the relationship between the State and the Fund leads inexorably to the conclusion that, for purposes of the applicability of these statutes, the fund stands on an independent footing from the State or an agency of the State which would be subject to the provisions of chapters 944 and 945. The Legislature has explicitly chosen to distinguish between contracts let by the Fund and those let by the State and its agencies. By way of illustration, the Fund may award one contract for all work to be performed incidental to the acquisition and construction of a project without independent bidding on subdivisions of work to be performed (Education Law, § 376, subd 7), whereas contracts of the State or its agencies must be independently bid on enumerated subdivisions of work to be performed (State Finance Law, § 135); the Fund, in its discretion, may require the contractor to post a bond in connection with the award of a contract in an amount it determines as proper (Education Law, § 376, subd 8, par e), whereas all contracts awarded by the State or one of its agencies must be accompanied by a bond for the completion of the work specified (State Finance Law, § 136); the Fund is authorized to make full progress payments to contractors as the work is completed (Education Law, § 376, subd 8), whereas the State and its agencies must withhold 10% of the principal amount of each progress payment, pending certification of the Commissioner of General Services (State Finance Law, § 139, subd 1); and, Fund contracts are specifically subject to the approval of the Comptroller (Education Law, § 376, subd 8, par d), an inclusion which would be surplusage if Fund contracts and those of the State and its agencies were identical (see State Finance Law, § 112, subd 2). These differences by no means exhaust the list. There is left, then, an explicit signification of separateness and distinction between contracts of the State of New York, its boards, agencies, departments and commissions and those of the Fund.
We conclude, therefore, that upon consideration of its powers, functions and obligations, that the Fund, which enjoys a separate existence, independently transacts its business and hires and compensates its own personnel outside of the civil *90 service system, is not identical with the State, nor is it one of its various agencies for purposes of chapters 944 and 945 of the Laws of 1974 and, hence, is not subject to those statutes. In view of the disposition set forth herein, it is unnecessary to address the remaining contentions of the parties.
In each case, the order of the Appellate Division should be reversed, with costs, the certified question answered in the affirmative, and, on defendant’s motion for dismissal, judgment should be granted in favor of defendant declaring that defendant is not subject to chapters 944 and 945 of the Laws of 1974 (see Lanza v Wagner, 11 NY2d 317, 334).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
In each case: Order reversed, etc.