OPINION OF THE COURT
Howard E. Levitt, J.
In this action for a declaratory judgment both defendants move for summary judgment.
There is no substantial dispute as to the facts. Plaintiff was employed by defendant Nassau Regional Off-Track Betting Corporation (NOTE) from March 31, 1975 through June 2, 1976 when his services were terminated. At that time, a collective bargaining agreement was in effect between the defendants. A grievance was filed based upon the claim that plaintiff was entitled to a hearing. Although defendant NOTE *775 contended throughout that plaintiff was not so entitled, it nevertheless agreed to give him a hearing. A hearing was held before a board of four persons, two of whom were appointed by the employer and two of whom were appointed by defendant Civil Service Employees Association, Inc. (CSEA). Plaintiff was represented at the hearing by an attorney employed by defendant association. The hearing board determined that plaintiff’s services should be terminated.
Plaintiff contends that he is entitled to the benefits of section 75 of the Civil Service Law, that defendant NOTE did not comply with that statute, and that therefore the termination of his services was invalid and the hearing actually held was a nullity. Plaintiff further alleges that defendant, CSEA as his representative, owed him the duty of providing the cost of legal services to permit an action to be instituted attacking the validity of the procedures employed in discharging him. Defendant NOTE has raised several defenses here including the Statute of Limitations and the failure to file a notice of claim. This court need not consider those defenses because it is clear that there is no merit to plaintiff’s case.
Defendant NOTE is a public benefit corporation established pursuant to the provisions of the Regional Off-Track Betting Corporation Law (L 1973, ch 346, § 5). A public benefit corporation is not automatically to be considered the State, one of its agencies or a political subdivision thereof (Grace Co. v State Univ. Constr. Fund, 44 NY2d 84, 88). The court, upon consideration of the powers, functions and obligations of the corporation, which enjoys a separate existence, independently transacts its business and hires and compensates its own personnel outside of the civil service system, concludes that defendant NOTE is not subject to the requirements of section 6 of article V of the New York State Constitution or the Civil Service Law (see Civil Service Law, § 2, subd 5; Bell v Manhattan & Bronx Surface Tr. Operating Auth., 81 Misc 2d 162) except article 14 of the Civil Service Law thereof which for its purposes includes employees of a "public benefit corporation” (Civil Service Law, § 201, subd 6, par [a]). It appears that legislation was introduced to confer the benefits of the Civil Service Law upon employees of defendant NOTE, which legislation was not enacted. It is clear then that these employees are not within the classified service under the Civil Service Law and have not been designated as members of any of the four classes specified therein, i.e., the exempt class, the non *776 competitive class, the labor class and the competitive class and that they do not, by virtue of the statute, obtain the protection of section 75 of the Civil Service Law. This court is equally convinced that the employees, including plaintiff, have not acquired such protection by the collective bargaining agreement applying the strictest construction against the parties to the contract. Its reference to "competitive and noncompetitive class employees” in the section dealing with job security and disciplinary procedure compels the conclusion that the section was prospective and to apply if and when the employees became members of the classified civil service.
Insofar as the claim against defendant CSEA is concerned, plaintiff has pointed to no authority holding that the association must provide legal services for any member who chooses to bring an action relating to his discharge no matter what the merits of the action may be.
Under the circumstances, the motions for summary judgment are granted. Judgment is awarded in favor of defendants declaring that the discharge of plaintiff was valid, that he was not and is not entitled to the benefits of section 75 of the Civil Service Law and that neither defendant is required to pay any sum to plaintiff for attorney’s fees or otherwise.