■ In the Matter of R. P. ADAMS COMPANY, INC., Respondent, v ARTHUR A. NIST, as Assessor of the Town of Tonawanda, et al., Appellants.—Order unanimously reversed, with costs, and petition dismissed. Memorandum: Induced by the provisions of the New York State Industrial Development Agency Act (General Municipal Law, art 18-A, §§ 850-888), offering tax exemption benefits to businesses proceeding thereunder, petitioner entered upon an expansion project in respondents' town. In accordance with that law it planned to convey certain real property to the Erie County Industrial Development Agency (ECIDA), created pursuant thereto, which would hold

the property for 10 years, tax free, and lease it back to petitioner without obligation to pay real estate taxes, and at the end of the lease period the agency would reconvey the property to petitioner for $1. Before petitioner was able to convey the property to ECIDA in accordance with that plan, respondents increased the assessment on the property and that assessment became effective on the tax assessment date, June 1, 1978. On June 8, 1978 petitioner conveyed the property to ECIDA and requested tax exemption for it for 1978-1979, but respondents refused; and petitioner instituted this proceeding. Special Term granted petitioner's request for tax exemption, and respondents appeal. Only the tax for that one year is involved. Admittedly, the property is tax exempt for the ensuing years of the lease. Government operations are supported by the tax base, and assessments fixed as of the tax status date are not lightly annulled (People ex rel. Luther v McDermott, 265 NY 47, 52-53; Lutheran High School Assn. of N. Y. City v City of New York, 29 AD2d 890, affd 27 NY2d 939; Young Israel of Far Rockaway v City of New York, 33 AD2d 561; Matter of Suffern Boys School [Treadway], 267 App Div 919). All real property is subject to taxation unless conveyed to the State (see People v City of New York, 120 Misc 247, affd 207 App Div 822) or especially exempted by statute (see Matter of Prior Aviation Serv. v Board of Assessors of Town of Cheektowaga, 46 AD2d 219, 222). The Industrial Development Act (General Municipal Law, §§ 850-888) in express terms divorces the State from direct connection with or obligation under properties and projects engaged thereunder (see General Municipal Law, § 870; Matter of Smith v Levitt, 37 AD2d 418, 421, affd 30 NY2d 934), and the subject property cannot be deemed exempt as conveyed to the State (see Matter of Dormitory Auth. of State of N. Y. [Span Elec. Corp.], 18 NY2d 114, 117-118; Matter of Smith v Levitt, 37 AD2d 418, 421, supra; cf. Matter of State Ins. Fund v Boyland, 282 App Div 516, 520, affd 309 NY 1009). Likewise, there is nothing in the statutes to suggest that property transferred to the agency thereunder after the tax status date should have retroactive tax exemption; and any ambiguity in the construction of the law must be resolved against exemption (Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N. Y., 16 NY2d 222, 230). Rochester Housing Auth. v Sibley Corp. (77 Misc 2d 205, affd 47 AD2d 718), on which petitioner relies, is clearly distinguishable. There the law provided for annual payments in lieu of taxes. (Appeal from order of Erie Supreme Court —tax assessment.) Present—Cardamone, J. P., Schnepp, Callahan and Witmer, JJ. [97 Misc 2d 374.]