■ LEN STECKLER, Appellant, v OLGA STECKLER, Respondent. — Judgment, Supreme Court, New York County, entered April 17, 1979 which granted defendant's motion to dismiss the complaint and declared that so long as defendant wife does not remarry plaintiff may not sell the co-operative apartment without defendant's consent, unanimously reversed, on the law and the facts, without costs, and the action remanded for trial. The parties entered into a separation agreement on February 10, 1971. In pertinent part, the separation agreement provided as follows: "As long as she is not remarried, the Wife may continue to have the exclusive use of the cooperative apartment at 33 West 67th Street, the stock and proprietary lease of which is owned by Husband. The Husband shall pay all maintenance and other charges assessed against said cooperative apartment to the end that Wife shall have the use thereof without any expense whatsoever. In the event said cooperative apartment is sold while the Wife has not remarried, the Husband agrees to provide reasonably equivalent living accomodations *[sic]* for the Wife, subject to her approval." It is plain that the husband had the absolute right to sell the co-operative apartment provided that the wife was offered "reasonably equivalent living accomodations *[sic]* * * * subject to her approval." However, in May, 1972 the parties executed a ·supplemental agreement which solely concerned the co-operative apartment and provided in pertinent part: "1. The Wife is presently residing in the cooperative apartment at 33 West 67th Street, New York City, New York, pursuant to the terms set forth in the Basic Agreement. The Husband agrees to have the stock of the said cooperative apartment endorsed to the names of 'Len Steckler and Olga Steckler as Joint Tenants with right of survivorship'. The stock certificate shall be marked on the face thereof that transfer is subject to the terms of this Agreement. As between the parties hereto however, their respective rights in and to the said apartment are defined and set forth in the next succeeding paragraph. 2. (a) The Wife will continue to enjoy the exclusive occupancy of the cooperative apartment upon the terms and conditions outlined in the 'Basic Agreement'. However, if the said apartment is ever sold with the consent of the parties hereto and in their lifetime, the Wife will make no claim to any part of the sale price which shall be the exclusive property of the Husband. If the Wife predeceases the Husband, the personal representative of her Estate will be charged with vacating and surrendering the apartment to the Husband, as soon as possible after her demise and will waive any right, title and interest in and to the said stock and proprietary lease. (b) If the Husband predeceases the Wife, then the personal representative of the Estate of the Husband will pay all the maintenance and other charges as outlined in the 'Basic Agreement' for six (6) months after the death of the Husband. At or before the expiration of said six (6) months, the Wife will either purchase the said apartment or vacate and surrender the same. If the purchase offer of the Wife for the said stock and lease is made and is not accepted by the personal representative of the Husband's Estate, then the Wife shall have the right of first refusal to match any bona fide purchase proposal received by the personal representative of the Husband's Estate therefor. The personal representative shall submit in writing to the Wife the outside offer, by Certified or Registered Mail and the Wife shall within two (2) weeks thereafter agree to meet the said terms and she shall so notify the personal representative of Husband's Estate also by Registered or Certified Mail. If the Wife declines to meet said offer and fails to make the purchase herself then she will vacate the apartment within thirty (30) days thereafter. (c) If the parties hereto become divorced and the Wife remarries during the lifetime of the Husband, then she shall have the same rights and obligations set forth in subparagraph (b) hereof, except that the six (6) months period shall be reduced to sixty (60) days and she shall either vacate or purchase the apartment upon terms satisfactory to the Husband within said period of sixty (60) days." In this

declaratory judgment action, plaintiff husband seeks a declaration that he still retains the right to sell the apartment subject only to the obligation to provide the wife with "reasonably equivalent living accomodations *[sic]* \* \* \* subject to her approval." The wife's defense is that the supplemental agreement made her a joint tenant and that as such her consent to sale of the apartment is required. Special Term granted defendant's motion to dismiss the complaint upon the ground that the transfer of the stock of the co-operative apartment indorsed to the names of "Len Steckler and Olga Steckler as joint tenants with right of survivorship" made the wife a joint owner and that its obvious design and purpose was to reinforce the wife's right of occupancy wth the concomitant power to object to any sale of the apartment proposed by the husband. Special Term deemed the right of survivorship, newly agreed upon by the parties in the supplemental agreement, to be inconsistent with the absolute right the husband enjoyed to sell under the basic agreement. In dismissing the complaint and in declaring for the defendant, Special Term ruled that this result was required as a matter of law. We disagree. If the supplemental agreement only made the parties joint tenants with right of survivorship, the conclusion reached by Special Term would undoubtedly be correct. However, there are other provisions in the supplemental agreement inconsistent with the right of survivorship. Thus it provides that if the apartment is sold "with the consent of the parties", the proceeds are payable to the husband. Does this "consent" relate to sale or is it referable only to the wife's approval of the "reasonably equivalent living accomodations *[sic]*" required for her in the event of sale? The agreement further provides that if the husband predeceases the wife the estate of the husband is to pay the charges on the apartment for six months after the death of the husband, and thereafter the wife is required either to purchase the apartment or vacate and surrender it. A similar provision applies if the parties are divorced and the wife remarries. These and other provisions are inconsistent with a joint tenancy or right of survivorship. Pertinent in construing the agreement is the concluding paragraph of the supplemental agreement: "Except as modified and supplemented herein, all the terms and conditions of the 'Basic Agreement' shall continue in full force and effect." Plainly there is an ambiguity when the two agreements are read together. The intention of the parties is not clear. There was submitted to Special Term an affirmation of the lawyer draftsman of the supplemental agreement which asserts that its sole purpose was to insure the wife's rights as against the co-operative and not to create any change in the respective rights of the husband and wife as against each other, reserving to the husband the absolute right to sell the apartment subject to the proviso that he would provide "reasonably equivalent living accomodations *[sic]* to the wife subject to her approval." This is a possible reading of the agreement. The counterargument of the wife is that such a reading would render the supplemental agreement superfluous and meaningless and be inconsistent with the newly created joint tenancy. She contends the modification was designed to require her consent to a sale, as Special Term ruled. Else, why the provisions for a joint tenancy? The writings lend themselves to either interpretation. When an agreement is ambiguous, a trial is required permitting extrinsic evidence to aid in interpreting its meaning *(Kenyon v Knights Templar & Masonic Mut. Aid Assn.*, 122 NY 247). As *Kenyon* holds, as a general rule, the construction of a written agreement is a question of law for the court, but when there is ambiguity or the language is equivocal, and its interpretation depends upon the sense in which the words were used, in view of the subject to which they relate, the relation of the parties and the surrounding circumstances, the issue is one of law and fact requiring a trial. Extrinsic evidence is admissible so that the intention of the parties may properly be determined *(Lachs v Fidelity & Cas. Co. of N. Y.*, 306 NY 357, 364). There is an ambiguity here, creating a triable issue as to the

meaning of the agreements. Hence Special Term's declaration in favor of the wife was error. A trial is required, as we have directed. Concur — Fein, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.