■ ONONDAGA COUNTY INDUSTRIAL DEVELOPMENT AGENCY, by 39 TRUCK-AUTO PLAZA, Appellant, v TOWN OF VAN BUREN et al., Respondents. — Order

unanimously reversed, without costs, and petition reinstated, in accordance with the following memorandum: It was error for Special Term to dismiss this petition seeking review of the tax assessment on petitioner's property (Real Property Tax Law, art 7). Relying on our decision in *Matter of Adams Co. v Nist* (72 AD2d 908), respondents contend that the property is not entitled to an exemption under subdivision (1) of section 874 of the General Municipal Law. We agree; nevertheless, there is an operative factor here which was absent in *Adams*. The parties entered into a "Payment in Lieu of Taxes Agreement" prior to the taxable status date, whereby petitioner, 39 Truck-Auto Plaza, agreed to pay respondents an amount equal to the taxes of the unimproved property "in lieu of all real estate taxes * * * which would be levied * * * if the Facility were owned by [39 Truck-Auto Plaza] and not by [Onondaga County Industrial Development Agency (OCIDA)]" for "[a]s long as [OCIDA] holds title to the Facility". The language of the agreement thus creates an ambiguity as to whether commencement of the 10-year payment-in-lieu-of-taxes period is triggered by the taxable status date, when petitioner owned the property, or the date of levy, at which time title had passed to OCIDA (see *Rochester Housing Auth. v Sibley Corp.*, 77 Misc 2d 205, affd 47 AD2d 718). That ambiguity permits submission of parol evidence to determine the intent of the parties and precludes a motion to dismiss for failure to state a cause of action (see *Steckler v Steckler*, 78 AD2d 818). Additionally, on this motion to dismiss petitioner is entitled to the benefit of all favorable inferences which may be drawn from the petition and is deemed to have alleged whatever may be reasonably implied therefrom (*Underpinning & Foundation Constructors v Chase Manhattan Bank*, 46 NY2d 459, 462; *Foley v D'Agostino*, 21 AD2d 60). If it is established that the agreement and the circumstances surrounding its execution gave rise to a reasonable understanding that the payment in lieu of taxes was to commence in the 1982-1983 tax year even though OCIDA did not acquire title until after the tax status date, petitioner may have a cause of action on estoppel grounds to prevent a "manifest injustice" (see *Matter of 1555 Boston Rd. Corp. v Finance Administrator of City of N.Y.*, 61 AD2d 187). (Appeal from order of Supreme Court, Onondaga County, Stone, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.